UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------- X

IVAN F. ORTEGA,                                        **MEMORANDUM & ORDER**

                        Plaintiff,                     **NOT FOR PUBLICATION**

        -against-                                      13-CV-3487(KAM)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                        Defendant.

---------------------------------------- X

**MATSUMOTO, United States District Judge:**

            Pursuant to 42 U.S.C §§ 405(g) and 1383(c)(3),

plaintiff Ivan F. Ortega ("Mr. Ortega" or "plaintiff"),

proceeding *pro se*, commences this action to appeal Acting

Commissioner of Social Security Carolyn W. Colvin's

("Commissioner" or "defendant") decision denying his August 30,

2010 application for Supplemental Security Income ("SSI") under

Title XVI of the Social Security Act ("the Act").  (Compl. dated

6/7/13[1], ECF No. 2.)  Presently before the court is the

---

[1] The court notes that plaintiff filed a proposed amended complaint on
September 8, 2014 that was entered on the docket as an amended complaint.
(*See* Amended Compl. dated 9/8/14, ECF No. 29.)  Plaintiff's proposed amended
complaint was filed more than seven months after the motion to dismiss was
fully briefed, plaintiff did not request leave to file the amended complaint,
and the allegations in the amended complaint relate to his workers'
compensation hearing in October of 2001 and appear to have no relation to his
social security appeal.  Consequently, the court denies plaintiff leave to
amend his complaint.  *See Cole v. Fisher*, No. 07-cv-11096, 2009 WL 1514691,
at *1 (E.D.N.Y. May 29, 2009)(denying plaintiff leave to amend pursuant to
Federal Rule of Civil Procedure 15(a) when, *inter alia*, proposed amendments
were brought eight months after motion to dismiss was fully briefed and the
amendments were unrelated to the allegations in the initial complaint).

Commissioner's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Notice of Mot. to Dismiss, dated 12/20/13, ECF No. 26.) The Commissioner asserts that the plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1383(C)(3), which incorporates by reference the provisions of 42 U.S.C. § 405(g). (*See generally* Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem."), dated 12/20/13, ECF No. 27.) Upon a review of all the documents in the record, for the reasons set forth below, the court grants the Commissioner's motion to dismiss this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND

Plaintiff first applied for SSI under Title XVI of the Act on August 30, 2010. (Declaration of Julio Infiesta dated December 20, 2013 ("Infiesta Decl.") ¶ 4, ECF No. 28.) On November 17, 2010, the Social Security Administration (the "SSA") denied plaintiff's application. (Infiesta Decl. ¶ 5.) Plaintiff appealed the denial of benefits and appeared *pro se* before a hearing on January 12, 2012 with Administrative Law Judge ("ALJ") Sean Walsh. (Infiesta Decl. ¶¶ 7-8.) ALJ Walsh found that plaintiff was disabled since May 15, 2010. (Compl.

at 5-6[2] (ALJ Walsh's "Fully Favorable" decision).)  In the decision sent to plaintiff on January 25, 2012, ALJ Walsh notified him that the SSA would inform him as to his eligibility concerning the non-disability requirements for SSI payments. (*Id.*)

On May 25, 2012, the relevant Social Security Field Office ("Field Office") notified plaintiff that he was no longer entitled to SSI payments because of his spouse's income. (Infiesta Decl. ¶ 9.)  Plaintiff did not seek reconsideration or review by the Appeals Council.  (Infiesta Decl. ¶ 10.)  Instead, plaintiff commenced this action on June 7, 2013 in the United States District Court for the Southern District of New York. (Compl.)  The action was transferred to the United States District Court for the Eastern District of New York and assigned to the undersigned on or about June 19, 2013.  Plaintiff's complaint lists an address in Richmond Hill, New York, in the Eastern District of New York.

On November 18, 2013, the Field Office sent plaintiff a notice informing him that he was additionally ineligible for SSI payments because he received approximately $800-$1000 in Workers' Compensation benefits each month.  (*Id.* ¶ 12.)  On December 20, 2013, the Field Office re-issued a notice to

---

[2] Plaintiff's Complaint attaches numerous documents, including ALJ Walsh's decision.  The court refers to the page numbers generated by the electronic docketing system on the top right corner of each page.

plaintiff regarding his Workers' Compensation benefits.  (*Id.* ¶
13.)  This notice alerted plaintiff of his right to appeal and
explained how he could challenge the SSA's resource
determination.  (*Id.*)

On December 20, 2013, the Commissioner served the
instant motion to dismiss for lack of subject matter
jurisdiction on the grounds that plaintiff had not exhausted his
administrative remedies pursuant to 42 U.S.C. § 405(g).  (Def.
Mem. at 1.)  On December 30, 2013, plaintiff opposed the
Commissioner's motion *pro se*.  (Pl.'s Opp. ("Pl.'s Opp.") filed
2/14/14[3], ECF No. 29.)  Plaintiff also seeks monetary damages in
the amount of twelve million dollars from the SSA, asserting
that his claim for damages is authorized by the Federal Tort
Claims Act (the "FTCA").  (*See* Pl's Opp., ECF No. 29-1, ECF No.
29-3.)

In defendant's reply memorandum of law, the
Commissioner agreed to consider plaintiff's opposition as a
request for reconsideration of the SSA's resource determination

---

[3] The court construes the following documents as plaintiff's opposition:
Affidavit of Good Faith dated 1/18/14, Affidavit of Good Faith in Supporting
Plaintiff dated 1/12/14, Notice of Motion Judgment without Trial in Favor of
Plaintiff, Affirmative Support Position in Opposition on Defendant's Motion –
Rule 12 Part II The Federal Tort Claims Act dated 1/18/14, Affirmative
Support Position in Opposition on Defendant's Motion – Subpoena Tecus Cam,
Affirmative Support Position in Opposition on Defendant's Motion – Title
Administrative Remedies No. 1, Affirmative Support Position in Opposition on
Defendant's Motion – Title Spouse's Income No. 2, Affirmative Support
Position in Opposition on Defendant's Motion – Title Workers Compensation No.
3.  (*See generally* ECF No. 29-1 to 29-8.)  The court has also reviewed
plaintiff's other submissions in the docket.

and noted that a decision upon reconsideration had not been
reached.  (Reply Mem. of Law in Further Supp. of Def.'s Mot. to
Dismiss ("Def.'s Reply") at 2, dated 2/4/14, ECF No. 30.)
Pursuant to the court's order dated June 17, 2015, defendant
notified the court by letter dated July 22, 2015, that the
relevant Field Office issued a reconsideration decision on July
6, 2015, again denying plaintiff's application for SSI based
upon a finding that plaintiff's income exceeded the eligibility
criteria for SSI.  (Letter dated July 22, 2015 at 1, ECF No.
51.)  The defendant represented in its letter to the court that
plaintiff was advised of his right to seek a hearing before an
ALJ within sixty days of receiving the reconsideration decision.
(*Id.*)

## DISCUSSION

### I.  Standard of Review

"A case is properly dismissed for lack of subject
matter jurisdiction under Rule 12(b)(1) when the district court
lacks the statutory or constitutional power to adjudicate it."
*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In
resolving a motion to dismiss for lack of subject matter
jurisdiction, a district court "may refer to evidence outside
the pleadings." *Id*.  A plaintiff asserting jurisdiction bears
the burden of proving by a preponderance of the evidence that
subject matter jurisdiction exists.  *Id*.

In the case of *pro se* plaintiffs, "submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006).

## II.  Exhaustion of Administrative Remedies

For claims arising under Title XVI of the Act, Congress has authorized limited judicial review.  42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing . . . shall be subject to judicial review as provided in [42 U.S.C. § 405(g)] to the same extent as the Commissioner's final decision under [42 U.S.C. § 405(g)]").  Section 405(g) of the Act provides the exclusive means for obtaining judicial review of a final decision by the Commissioner.  42 U.S.C. § 405(g), (h).

Section 405(g) requires claimants to obtain a final decision of the Commissioner before a federal court may review Social Security benefit determinations.  *Iwachiw v. Massanari*, 125 Fed. App'x 330, 331 (2d Circ. 2005) (citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984) and *Califano v. Sanders*, 430 U.S. 99, 108 (1977)).  The term "final decision" is undefined by the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

For the Commissioner's decision to be final, the Appeals Council must either deny review or decide the case after the ALJ renders a decision. *Iwachiw*, 125 F. App'x at 331; 20 C.F.R. §416.1400(a)(5). Appeals Council review is the final step in the administrative review process set forth in 20 C.F.R. § 416.1400, which requires that a claimant obtain an initial determination of eligibility, a reconsideration determination, and an ALJ hearing decision. *See* 20 C.F.R. § 416.1400(a); *see also Horowitz ex rel. Horowitz v. Apfel*, 143 F. Supp. 2d 240, 241-42 (E.D.N.Y. 2001). Once the Appeals Council has denied review or decided the case, the administrative review process is exhausted and the Commissioner's decision becomes final. *Iwachiw*, 125 F. App'x at 331; 20 C.F.R. § 416.1400(a)(5).

A district court has jurisdiction pursuant to 42 U.S.C. § 405(g) once the claimant has obtained a final decision from the Commissioner. *See* 42 U.S.C. § 405(g), (h). "[T]he first two sentences of § 405(h) . . . assure that administrative exhaustion will be required. Specifically, they prevent review of decisions of the [Commissioner] save as provided in the Act, which provision is made in § 405(g)." *Salfi*, 422 U.S. at 757. The requirement of a final decision by the Commissioner is "central to the requisite grant of subject-matter jurisdiction." *Id.* at 763-64 ("[section 405(g)] empowers district courts to

review a particular type of decision by the [Commissioner], that type being those that are 'final' and 'made after a hearing'").

In this case, plaintiff has failed to exhaust his administrative remedies with respect to the SSA's determination of his financial ineligibility for SSI payments prior to filing the instant action on June 7, 2013.  The SSA's May 25, 2012 notification to plaintiff indicated that he was ineligible for SSI payments due to his spouse's income.  (Infiesta Decl. ¶ 9.) On November 18, 2013, the Field Office sent plaintiff another notification indicating that he was additionally ineligible for SSI payments due to the monthly Workers' Compensation benefits he received in the amount of $800-$1000.  (Infiesta Decl. ¶ 12.) On December 20, 2013, the Field Office re-issued the notification to plaintiff, alerting him of his right to appeal and explaining how he could challenge the SSA's resource determination.  (Infiesta Decl. ¶ 13.)

Construing plaintiff's opposition as a request for reconsideration, the Field Office issued a reconsideration decision denying plaintiff's application on July 6, 2015. (Letter dated July 22, 2015 at 1, ECF No. 51.)  On July 17, 2015, plaintiff visited the Field Office and indicated that he did not receive the July 6, 2015 reconsideration decision, whereby plaintiff was provided with a copy of the July 6, 2015 reconsideration decision.  (*Id.*)  On July 21, 2015, the Field

Office mailed plaintiff the SSA's reconsideration decision and advised plaintiff of his right to seek a hearing before an ALJ within 60 days of receiving the reconsideration decision.  (*Id.*)

Plaintiff has failed to exhaust his administrative remedies and obtain a final decision by the Commissioner as required by 42 U.S.C. § 405(g), because he did not appeal the SSA's resource determination at the administrative level. Accordingly, this court lacks subject matter jurisdiction to review plaintiff's case.[4]

## III. Sovereign Immunity

In his opposition, plaintiff asserts that he is entitled to twelve million dollars in monetary damages from the SSA.  He claims "2 million for discrimination, 2 million for damages and prejudices, 2 million for loss of properties, 2 million for pain and suffering, 2 million for conspiracy, and 2 million for lunches, papers wasting [sic], and time."  (Pl.'s Opp. at 2, ECF No. 29-1.)

---

[4] The court does not reach the merits of plaintiff's challenge to the SSA's financial determination, because the court lacks subject matter jurisdiction to do so.  The court notes, however, that plaintiff's claims are unlikely to succeed.  In addition to physical disability requirements, claimants seeking SSI benefits must meet the Act's financial requirements.  42 U.S.C. § 1382. Under the Act, income consists of both earned and unearned income, as defined in 42 U.S.C. § 1382a.  *See* 42 U.S.C. § 1382a.  Section 1382a(a)(2)(B) defines unearned income as "any payments received as an annuity, pension, retirement, or disability benefit, including . . . *workmen's compensation payments*."  42 U.S.C. § 1382a(a)(2)(B)(emphasis added).  *See DeJesus v. Colvin*, No. 11-CV-5864(DLI), 2013 WL 5532700, at *2-3 (E.D.N.Y Sept. 30, 2013) (finding that the ALJ properly considered claimant's workers' compensation in determining his financial eligibility).  Here, plaintiff concedes in his opposition papers that he receives $800 per month in workers' compensation.  (Pl.'s Opp. at 1, ECF No. 29-1.)

As sovereign, the United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453, U.S. 156, 160 (1981)(internal quotations and citations omitted).  Sovereign immunity creates a jurisdictional bar to suit.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 474-475 (1994).  The government must waive its immunity for federal subject matter jurisdiction to exist. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Waivers of sovereign immunity by the federal government must be "unequivocally expressed in statutory text" and will be strictly construed in favor of the government.  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Additionally, the Supreme Court has found that no action for damages can be maintained against personnel of the SSA because Congress provided an elaborate statutory scheme in the Act with "meaningful safeguards or remedies for the rights of persons" wrongfully denied under the Act.  *Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988).  The Supreme Court clarified that "[claimants] have not been given a remedy in damages for emotional distress or for other hardships suffered because of delays in their receipt of Social Security benefits."  *Id*.

"Under the FTCA, suit must be brought directly against the United States, and federal agencies are immune from suit." 28 U.S.C. § 2679(a); *Langella v. Bush*, 306 F. Supp. 2d 459, 463

(citing *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975)).  Pursuant to 28 U.S.C. § 2679(b)(1), a suit against the United States is the exclusive remedy in an action for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1); *Langella*, 306 F. Supp. 2d at 463-64.

The FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Kwai Fun Wong*, --- U.S. ---, 135 S. Ct. 1625, 1629 (2015)(quoting 28 U.S.C. § 2401(b)); *see also* 28 U.S.C. § 2675(a).  "The administrative exhaustion requirement derives from a cardinal principle of law--that the United States, as sovereign, is immune from suits in the courts of law." *Mosseri v. F.D.I.C.,* Nos. 95 Civ. 723, 97 Civ. 969, 1999 WL 694289, at *7 (S.D.N.Y. Sept. 8, 1999).  Failure to comply with this requirement results in dismissal of the suit.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suits in federal court until they have exhausted their administrative remedies.  Because petitioner has

11

failed to heed that clear statutory command, the District Court properly dismissed his suit."); *see also Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in district court."). Additionally, the Supreme Court recently held that the FTCA's time bars "are nonjurisdictional and subject to equitable tolling." *Wong,* 135 S. Ct. at 1638. A plaintiff, therefore, may avoid dismissal of his claims for failing to file a timely administrative claim if he "pursued his rights diligently but some extraordinary circumstance prevents him from meeting a deadline." *Id.* at 1631 (internal quotation and citation omitted).

Here, plaintiff's claims for monetary damages are barred by the government's sovereign immunity. Additionally, plaintiff's argument that the FTCA authorizes his suit for damages against the Commissioner is unavailing. Plaintiff has not alleged that he filed an administrative tort claim with the agency as required by 28 U.S.C. § 2675, nor has he alleged facts that he pursued his rights diligently and that an extraordinary circumstance prevents him from meeting the administrative deadline. Consequently, plaintiff is not authorized to sue under the FTCA.

## CONCLUSION

For the reasons set forth above, the Commissioner's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is granted. The Clerk of the Court is respectfully ordered to enter judgment in favor of defendant; mail a copy of the judgment, this Memorandum and Order, and an appeals packet to plaintiff; note service of the forthwith on the docket; and to close this case.


**SO ORDERED.**

Dated:      October 19, 2015
            Brooklyn, New York


                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge